perfectly obvious the witnesses must be largely obtained in Steuben county. This, taken in connection with the fact that the transaction arose in that county, was sufficient to require that the trial should be there had. Brody v. Weed & Co., 137 App. Div. 754, 122 N. Y. Supp. 625; Shaff v. Rosenberg, 116 App. Div. 366, 101 N. Y. Supp. 892; Denzer v. Grewen, 133 App. Div. 706, 118 N. Y. Supp. 230.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

### CARRIZZO v. NEW YORK, S. & W. R. CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1911.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence under a proper submission of the issues is conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3935; Dec. Dig. § 1002.*]

2. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

In a suit against a carrier for the value of car load freight which the carrier held for demurrage, instructions ignoring the carrier's claim that performance of its duty to furnish opportunity to unload was defeated by the consignee's fault in failing to clear his private track were erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from Trial Term, Kings County.

Action by George Carrizzo against the New York, Susquehanna & Western Railroad Company. From a judgment for plaintiff, and from an order denying a new trial (66 Misc. Rep. 243, 123 N. Y. Supp. 173), defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

William C. Cannon (Frederic B. Jennings and R. L. Von Bernuth, on the brief), for appellant.

Samuel Wechsler, for respondent.

THOMAS, J. The plaintiff, consignor, has recovered a judgment for the value of 11 car loads of waste paper, which the defendant carrier refused to deliver to the consignee pending payment of demurrage for detention of the cars on defendant's siding beyond the time allowed for the removal of the freight.

The defendant's undertaking was to carry the goods to Bogota, N. J., where its terminal facilities suitable for the deliveries in question consisted of sidings some three-quarters of a mile in length, inaccessible to teams, and connected with delivery tracks to the plant of the Traders' Paper Board Company, at the time in the custody of Bell, as receiver, to whom the shipment was made. The custom had been to make deliveries to the consignee on such tracks, and such delivery of the goods in question was contemplated by the parties.

---

The private track, and unloading platform alongside it, had capacity for 11 cars; and the question is whether this track permitted the delivery of the cars, or any part of the same, during the time for which defendant charges demurrage, and, if not, whose fault precluded the delivery. Was it that of the consignee in failing to unload cars entitled to precede these in question, or was it that of the carrier in failing to take empty cars out and set loaded cars in this siding with proper dispatch?

[1] The evidence on this subject was conflicting, and, if the matter was properly submitted to the jury, the verdict is conclusive, as the weight of the evidence does not so favor the defendant as to demand reversal.

[2] But it is contended that the learned justice did not submit this issue distinctly and unconditionally to the jury. There is support for such exception to the charge, for it was stated:

"I instruct you, as matter of law, that before a claim for car demurrage could arise the cars must be in a reasonably accessible place, so that they could be unloaded or the goods taken out of them."

And again:

"But this claim which the railroad made is based on detaining these cars by failing to unload them; and before they are entitled to assert the claim they must show, as I charge you, that the consignee had an opportunity to unload them, either where they were or in a place to which they had been brought."

This charge ignores the defendant's position that defendant's performance of its duty to furnish an opportunity to unload was defeated by the consignee's fault in the clearance of the private siding, and so the demurrage liability came into operation. That was the vital question. But it is feared that the jury understood that it was the defendant's duty in any event to place the cars in a position for unloading as a condition precedent to the inception of the obligation to pay demurrage. The defendant undertook to present its request in its fifth request to charge, which is somewhat defective in omitting, however, to describe a siding so loaded by the consignee's fault as not to permit the placing of cars, etc. But I do not doubt that the request was understood to present defendant's contention, and, if so, the omission to charge it makes clearer the error to which attention has been called.

The defendant excepts to the charge that it was its duty to notify the shipper within a reasonable time of the situation that had arisen. Whether that duty rested upon it was at least a question for the jury, as defendant urges upon this court; but it did not ask its submission, as it will be enabled to do upon another trial.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.